PER CURIAM.
In this unemployment compensation case we agree with the opinion of the Employment Appeals Board which is:
"FINDINGS OF FACT: (1) The claimant began employment with this employer on April 1,1972. (2) He had previously been employed since October 13,1953 by another employer who was purchased by the above employer. (3) Approximately one year prior to claimant’s separation from work the above employer posted a notice requiring that merchandise taken from the premises either be charged for or paid for at the time of removal * * *. (4) Subsequent to that time the claimant removed wet feed from the employer’s premises to take to his home to feed to his pigs. (5) He did not pay for this material. (6) On or about April 13, 1977 the claimant’s supervisor, the employer’s plant manager, saw claimant’s pickup with wet feed in it. (7) The claimant was fired at that time.
"CONCLUSION AND REASONS: We agree with the decision of the referee in this matter. The claimant was discharged for misconduct in connection with his work.
"[The notice] was posted by the employer approximately one year prior to the claimant’s separation from work. That notice reflects that any merchandise being removed from the company’s premises must be properly invoiced and either charged or paid for at that time. That notice does not leave it up to the employees to determine what merchandise is valuable and what merchandise is not valuable. In spite of the clear and unequivocal warning, the claimant decided to dispose of some items himself. Rather than invoice and secure permission from his employer to remove the wet feed the claimant determined unilaterally that this was a proper procedure. He furthermore admits removing this material in spite of the posted warning. This case is consistent with Diamond Fruit Growers, Inc. v. Employment Division, 26 Or App 617, 553 P2d 1080 (1976) wherein the Oregon Court of Appeals said The claimant may have been well intentioned. The referee who saw and heard him testify concluded that he was. However, claimant admitted that it was his intent to permanently dispose of his *[1384] employer’s property, not only without permission but with knowledge that such act was contrary to direct orders he had received from his employer.’ We therefore find that the claimant’s conduct is such in the instant case that a disqualification from benefits is proper.”
Affirmed.